## SHICKLE–HARRISON & HOWARD IRON CO. v. CITY OF RAPID CITY *et al.*

1. Under rule 23 of this court, a motion to dismiss an appeal can only be made on the motion day of the court from which the appeal comes, when the grounds of the motion are that the original papers were not transmitted to this court before the commencement of the term, or that the abstract and brief were not served within the time prescribed by the rules of this court.

2. But the court, by that rule, has reserved to itself the right in special cases to grant an order to show cause, when, in the opinion of the court, the facts stated will authorize such an order; and in such case the same may be heard at a day in the term other than that specified in the rule,

(Syllabus by the Court.   Opinion filed  Mar. 7, 1896.)

Appeal from circuit court, Pennington county.   Hon. WILLIAM GARDNER, Judge.

Application for mandamus.   Plaintiff had judgment, and defendants appealed.   Plaintiff moved to dismiss appeal.   Motion denied.

The facts are stated in the opinion.

*Wood & Buell,* for appellants.

*Charles W. Brown (Crawford & DeLand,* of counsel), for respondent.

CORSON, P. J.   This is a motion to dissmiss the appeal in this case, and for a modification of the judgment of the circuit court.   This motion was made on February 15, 1896.   From the affidavit of counsel for respondent it appears that the appeal was taken on July 23, 1895, and that appellants failed and neglected to cause the original papers to be filed in this court prior to the October term, 1895, and that the appellants neglected to serve brief and abstract as required by the rules of this court. Appellant's counsel object to the consideration of the motion for the reason that the motion was not made either on the first day of the October term or the motion day for the Seventh circuit, as provided by rule 23 of this court, the first clause of which is as follows.   "All motions except as herinafter provided shall be heard upon the motion day of the circuit from which the case comes, in which such motion is made."   We think this objection is well taken.   The only reason stated by the respondent why this motion was not made at the proper time is that the original papers were not forwarded to this court by appellant, and that the same were forwarded and filed in this court on February 5, 1896, and at the expense or the respondent.   But this cannot be regarded as sufficient cause for relieving the respondent from the application of the rule.   When the appellant failed to serve its abstract and brief in time, the respondent could have caused the original notice of appeal and

undertaking given thereon, or certified copies, to be filed in this court, and made the motion at the proper time. The court, by rule 23, has reserved to itself the right in special cases to grant an order to show cause, when, in the opinion of the court, the facts stated will authorize such an order; and in such case the same may be heard at a day in the term other than that specified in the rule. But such an order to show cause will only be granted when there are special reasons why the motion could not have been made at the proper time. As all the facts now appearing as to the grounds of its motion were known to the respondent in time to have made the motion on the motion day of the Seventh circuit, the motion is made too late for the present term, and it must, therefore, be denied, but without preju.dice to another motion, made at the proper time; and it is so ordered.